UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRIAN GUILFORD, as Personal Representative
of the Estate of Deven Guilford,

        Plaintiff,

V

EATON COUNTY and SGT. JONATHON FROST,
in his individual capacity, jointly and severally,

        Defendant.

Case No. 15-cv-01053

Hon. Paul L. Maloney

_____/

| Hugh M. Davis (P12555) | James L. Dyer (P32544) |
|---|---|
| Cynthia Heenan (P53664) | Attorney for Defendants |
| Attorneys for Plaintiff | Johnson, Rosati, Schultz & Joppich, P.C. |
| Constitutional Litigation Associates, P.C. | 822 Centennial Way, Ste. 270 |
| 450 W. Fort St., Ste. 200 | Lansing, Michigan 48917 |
| Detroit, MI 48226 | (517) 886-3800 |
| (313) 961-2255/Fax: (313) 922-5130 | jdyer@jrsjlaw.com |
| Davis@ConLitPC.Com | |
| Heenan@ConLitPC.Com | |
| Info@ConLitPC.com | |

_____/

## **PROTECTIVE ORDER**

      The parties to this litigation stipulate and agree to the entry of this Protective Order concerning the disclosure of documents identified by either party as confidential. The parties enter into this stipulation and Protective Order in consideration of their mutual desire to avoid disputes, litigation and delay concerning the disclosure of such.

      The Defendants agree to produce, through their legal counsel, without a formal request and upon entry of this Protective Order, an unredacted copy of the Eaton County Sheriff's Department Internal Investigation into the death of Deven Guilford, including all supporting documents (the "Internal Investigation.")

      The parties agree that the Internal Investigation is a Protected Document, as defined in this Protective Order, and that its release is subject to its terms. The parties further agree that

any additional material that is disclosed by either party, after the date of entry of this Protective Order shall be subject to its terms so long as it has been designated a Protected Document by the releasing party, at the time of disclosure.

Based upon the Stipulation of the Parties, the Court enters the following Protective Order:

1. All Protected Documents (as defined herein) produced by any party in this action during discovery or as part of a voluntary production shall be considered protected when such document is presented to the opposing party(ies) under the following procedure, and as subject to the other provisions herein regarding use:

The requesting party shall provide notice to the opposing party(ies) that it/they intend to use and publically release certain Protected Document(s) in support of a pleading or motion, or to use such document(s) in a nonparty deposition. After such notice by the requesting party, the opposing party shall have seven (7) business days from the date notice was provided to submit a written objection to such use or disclosure. If the opposing party(ies) does/do object in writing within the time period, the parties shall act in good faith to resolve the objection without resort to filing a motion. If the parties cannot come to a resolution, the document(s) shall remain protected until a proper motion is filed by the opposing party and there is a further order from the Court; and, the party objecting to the proposed use or disclosure shall be obligated to file such a motion within five (5) days and shall have the burden of convincing the Court to deny the proposed use or disclosure.

2. The advance notice described in the previous paragraph shall not be required when a party or the parties intend to use or disclose Protected Documents to nonparty law enforcement officers or agents (such as Eaton County Sheriff personnel) or employees of other investigating Police Departments, nor shall such advance notice be required when a party or the parties

intend to use or disclose Protected Documents to nonparty expert witnesses or other counsel with whom the party or parties are consulting.

3. The following documents shall be deemed "Protected Documents":

   a. Personnel, employment, disciplinary and training records of the Eaton County Sheriff's Department including but not limited to Eaton County elected officials and members of the Eaton County Sheriff's Department;

   b. Policies and procedures of the Eaton County Sheriff's Department, to the extent such policies and procedures are not already available to the public;

   c. The social security numbers, addresses, and telephone numbers of an individual employee, if any, the names of family members, and the names and addresses of those that have been provided as personal references may be properly deleted or redacted from files produced.

   d. Internal investigation records prepared by the Eaton County Sheriff's Department, including involuntary statements made by law enforcement officers during such internal investigations, as protected by MCL 15.395, which may be relevant to any claims and defenses in this case;

   e. All medical files and records pertaining to Deven Guildford;

   f. Documents which are exempt from disclosure under the Michigan Freedom of Information Act, M.C.L. § 15.231 et seq.

   g. All records identified by a disclosing party as Protected Documents at the time of disclosure.

4. The parties understand and agree that disclosure of Protected Documents is not a waiver of any objection to or argument for the admissibility of such Protected Documents at trial, and the parties expressly reserve the right to raise at or before trial any objections to or argument for admissibility which may exist under the State or Federal Rules of Civil Procedure or State or Federal Law. This Protective Order is without prejudice to the right of any party to attempt to admit protected information as evidence in this action. This Protective Order is also without prejudice to the right of any party to contest the admissibility, discoverability, or privileged status of any protected documents.

5. Unless this Court orders otherwise, or unless other use or disclosure is contemplated by

the terms of this Order (e.g., use or disclosure after providing the notice described in Paragraph 1 or otherwise), Protected Documents covered by this Stipulated Protective Order shall be disclosed only to counsel of record, their immediate staff, to the parties to this action, the personal representative of the estate of Deven Guildford, immediate family members of Deven Guildford, and to expert witnesses. For purposes of this Order, "parties to this action" includes any employee or agent of any municipal-entity Defendant. The party in possession of Protected documents will take all reasonable efforts to assure that those to whom further disclosures are made also comply with this Agreement or Order.

6. All protected documents disclosed by the parties, along with all copies thereof, shall be destroyed by the party to whom the documents were disclosed, or at the option and expense of the disclosing party returned to the respective parties' counsel of record upon completion of the above-captioned case, including final appeal, to the extent the same are not disclosed under the terms hereof and which are not used as an exhibit at trial of this matter. Additionally, documents that are protected by this Order, and which have been converted to an attorney work product will not be required to be returned at the conclusion of the above-captioned case and must be promptly destroyed. A party in possession of Protected Documents will provide a notice of intent to destroy to the disclosing party. If no request to return the Protected Documents is received by the party in possession of Protected Documents within 14 days the Protected Documents shall be destroyed.

7. This Order shall not restrict in any manner the use by a party of its own Protected Documents for any purpose. However, should a party intentionally disclose its own Protected Documents to people other than those described above, those documents shall no longer be subject to this Order.

8. This Order shall not apply to any information acquired by third party sources or

documents/information previously disclosed in this litigation or known to the parties or the public.

9. The parties shall not submit items designated as Protected Documents to the Court as exhibits to pleadings, motions or other court filings, without notice to the opposing party. However, the designation of an item as a Protected Document, by either party, does not entitle any party to submit that item to the Court under seal. A party that wishes to submit such Protected Documents to the Court must either obtain a written waiver of the Protected Document designation from opposing counsel, or comply with W.D. Mich LCivR 10.6.

10. Upon the Court's entry of a final judgment or order disposing of all claims against all parties, the jurisdiction of this Court to enforce this Protective Order shall cease, but the obligations of the parties and their attorneys shall become contractual and continue until fulfilled.

|  |  |
|---|---|
| _s/Cynthia Heenan_ | _s/with permission of James L. Dyer_ |
| Cynthia Heenan | James L. Dyer |
| Attorney for the Plaintiff | Attorney for the Defendants |
| Dated: 2/10/16 | Dated: 2/10/16 |

**IT IS SO ORDERED.**

Date: February 11, 2016

/s/ Paul L. Maloney
United States District Judge