UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN GUILFORD, as Personal Representative of the Estate of Deven Guilford,<br>      Plaintiff,<br><br>-v-<br><br>EATON COUNTY, et al.,<br>      Defendants. | No. 1:15-cv-1053<br><br>Honorable Paul L. Maloney |

## ORDER

This action is currently on appeal at the Sixth Circuit Court of Appeals. The parties filed a motion here, stating that they have reached a settlement. The parties request a ruling indicating the Court's willingness to take certain actions necessary to effectuate the settlement. (ECF No. 83 Joint Motion for Indicative Ruling.)

Ordinarily, the timely filing of a notice of appeal creates jurisdiction in the court of appeals, and divests the district court of jurisdiction, at least over the portions of the lawsuit on appeal. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). In 2009, the Federal Rules of Civil Procedure were amended to add Rule 62.1. Under Rule 62.1, the parties can file a motion in the district court when the filing of a notice of appeal has divested the district court of jurisdiction. The rule authorizes the district court to

  (1) defer considering the motion;
  (2) deny the motion; or

      (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a)(1)-(3).

      The events underlying this lawsuit included the death of Deven Guilford. Michigan's Wrongful Death Act requires the court to hold a hearing whenever the personal representative asks the court to settle the claim. Mich. Comp. Laws § 600.2922(5). As permitted by Rule 62.1(a)(3), this Court **STATES** that it would consider the personal representative's motion for leave to approve a settlement, if the Court of Appeals remanded the action for that limited purpose. Because the terms of the settlement have not yet been presented the Court, the Court cannot state that it would grant Plaintiff's motion. Alternatively, the Court **STATES** that personal representative's motion for leave to approve a settlement would raise a substantial issue.

      On these terms, and for these reasons, the Joint Motion for Indicative Ruling (ECF No. 83) is **GRANTED. IT IS SO ORDERED.**

Date: December 12, 2017                             /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge